IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-864T

(Judge Smith)

TIGER'S EYE TRADING, LLC, by and through A. SCOTT LOGAN
as Trustee For A. SCOTT LOGAN GRANTOR R/I/A TRUST I,
Partners Other than Tax Matters Partner,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

**STATUS REPORT**

Because of recent developments described below that may affect case management, the United States hereby gives notice to the Court of the status of this case in relation to six other similar cases in the Court of Federal Claims. (An equivalent report is being filed in all seven cases.) All these cases involve tax shelter transactions described in IRS Notice 2000-44, which the Government refers to as "Son of BOSS." That tax shelter was promoted by several different persons, but these seven cases involve "Son of BOSS" transactions designed and promoted by personnel of BDO Seidman LLP and Sentinel Advisors LLC:

*Jade Trading v. United States*, Fed. Cl. No. 03-2164T (Judge Williams);
*K2 Trading v. United States*, Fed. Cl. Nos. 04-1419 T, 05-1067 T (Judge Williams);
*Platinum Trading v. United States*, Fed. Cl. No. 05-545T (Chief Judge Damich);
*Tiger's Eye Trading v. United States*, Fed. Cl. No. 05-864T (Sr. Judge Smith);
*Evergreen Trading v. United States*, Fed. Cl. No. 06-123T (Judge Allegra);
*Arbitrage Trading v. United States*, Fed. Cl. No. 06-202T (Judge Hewitt); and
*Sequoia Trading v. United States*, Fed. Cl. No. 06-421T (Sr. Judge Merow).

Each case has some distinct facts; but as a result of their common origin, these seven cases have very substantial overlaps and commonalities, both legally and factually.[1]

The recent developments that are the occasion for this report are: (1) the completion of briefing in *Jade Trading*; (2) the Court's inquiries about the possible rescheduling of the trial in *K2 Trading*; (3) the Court's denial in part of the parties' joint suggestion to suspend discovery in *Arbitrage Trading*; and (4) the filing of the defendant's answer in *Sequoia Trading*, with the resulting need of the parties to file a Joint Preliminary Status report making their recommendations for further proceedings in that case.

[1]BDO Seidman was involved--but, so far as we know, Sentinel was not--in promoting the "Son of BOSS" transaction in yet another case, *SLUSCA v. United States*, Fed. Cl. No. 05-982T (Judge Baskir), which has been suspended pending, *inter alia*, the Court's decision in *Jade Trading*. Fourteen other cases pending in the Court of Federal Claims involve "Son of BOSS" transactions that apparently do not arise from the BDO/Sentinel promotion: *AD Global v. United States*, Fed. Cl. No. 04-336T (Judge C. Miller); *J&J Fernandez v. United States*, Fed. Cl. Nos. 05-26T, 06-27T, 06-636T (Judge Baskir); *JZ Buckingham v. United States*, Fed. Cl. No. 05-231T (Chief Judge Damich); *Grapevine Imports v. United States*, Fed. Cl. No. 05-296T (Judge Allegra); *Schumacher Trading v. United States*, Fed. Cl. No. 05-380T (Judge Braden); *Prestop Holdings v. United States*, Fed. Cl. No. 05-576T (Judge Allegra); *Stobie Creek v. United States*, Fed. Cl. No. 05-748T (Judge Block); *Epsolon v. United States*, Fed. Cl. No. 05-999T (Judge Sweeney); *Clearmeadow v. United States*, Fed. Cl. No. 05-1223T (Judge Allegra); *Murphy Pork et al. v. United States*, Fed. Cl. Nos. 06-245T, 06-246T, 06-247T (Judge Horn); *Alpha et al. v. United States*, Fed. Cl. Nos. 06-407T, 06-408T, 06-409T, 06-410T, 06-411T (Judge Horn); *Leadbetter Family v. United States*, Fed. Cl. No. 06-492T (Sr. Judge Hodges); *Salman Ranch v. United States*, Fed. Cl. No. 06-503T (Judge C. Miller); *Becker Partners v. United States*, Fed. Cl. Nos. 06-504T, 06-505T (Sr. Judge Hodges). Also very similar is *Marriott International Resorts, Inc. v. United States*, Fed. Cl. Nos. 01-256T, 01-257T (Judge Lettow).

Given the significant factual and legal overlaps among these cases, and the high cost to all parties of conducting discovery, retaining experts, and otherwise handling these cases, the United States believes that the judge managing proceedings in a given one of these cases should know the status of all the other cases. The status of each case is as follows:

***Jade Trading v. United States*, Fed. Cl. No. 03-2164T**

*Jade Trading* was tried in September 2005; the parties filed their post-trial briefs; and closing argument was held in December 2005. The Court postponed issuance of its opinion pending the Federal Circuit's decision in *Coltec v. United States* (which is not a "Son of BOSS" case, but is a tax shelter case involving, *inter alia*, analogous questions of "economic substance"). The Federal Circuit decided *Coltec* on July 12, 2006 (*see* 454 F.3d 1340), and in *Jade Trading* the parties' last supplemental briefs addressing the application of *Coltec* were filed August 31, 2006. So far as defendant's attorneys know, *Jade Trading* is ripe for decision.

It appears that, however *Jade Trading* is decided, an appeal to the Federal Circuit by the losing party is likely. It is impossible to predict the specific effect that a decision in *Jade Trading* would have on the other cases, but this Court's decision and any Federal Circuit decision will likely, at a minium, influence further proceedings in all seven of the BDO/Sentinel cases discussed here (and, very likely, all the "Son of BOSS" cases in this Court). This Court's decision in *Jade Trading* will be important for this entire group of cases.[2]

---

[2]A so-called "basis-shifting" shelter is at issue in *H.J. Heinz Co. v. United States*, Fed. Cl. No. 03-2847T (Judge Allegra), which is also fully briefed and awaiting decision as of August 31, 2006, when the last brief was filed. (That brief addressed *Coltec*.) *Heinz* has an "economic substance" issue and a "step-transaction doctrine" issue, the decision of which may be helpful in cases involving other types of shelters, including "Son of BOSS", where those issues are also present.

***K2 Trading v. United States*, Fed. Cl. Nos. 04-1419 T, 05-1067 T**

The trial in *K2 Trading* was scheduled to begin November 7, 2006, but the Court asked the parties for their views on possible rescheduling. Plaintiff opposed any change in the schedule, and the United States suggested that *K2 Trading* be continued until after a decision in *Jade Trading*.[3] On October 12 the Court informed the parties that, because of the Court's schedule in other matters, the *K2 Trading* trial will take place in May 2007.

***Platinum Trading v. United States*, Fed. Cl. No. 05-545T**

At the plaintiff's request (and with the defendant's concurrence), *Platinum Trading* has been suspended pending the decision in *Jade Trading*. The United States believes that this continues to be appropriate.

***Evergreen Trading v. United States*, Fed. Cl. No. 06-123T**

Factual discovery is proceeding in *Evergreen Trading* and is scheduled to close in early 2007, at which time the parties and the Court will hold a status hearing to determine a schedule

---

[3]In its status report filed in *K2 Trading* on October 10, 2006, the United States stated:

"A two-month delay would disrupt the defendants' staffing of the case (since one of defendant's attorneys is expecting a baby in January), and would add to the expense of our expert witnesses, who would have to re-prepare themselves for a later trial. Consequently, it would be our preference that this case be continued until after the Federal Circuit decides the *Jade Trading* appeal, or if that is too indefinite, until sometime in June of 2007.

"The disadvantages of a delay in the *K2 Trading* trial might be offset if the Court intends to decide *Jade Trading* in the near future and to reschedule the *K2 Trading* trial to take place after the decision in *Jade Trading* and after the parties have an adequate opportunity to assess the impact of that *Jade* ruling on this case. Depending on the Court's precise ruling in *Jade Trading*, the high degree of overlap between the *Jade Trading* and *K2 Trading* cases might make it possible, after a *Jade Trading* decision, to dispose of at least some issues in *K2 Trading* on motions for summary judgment (or perhaps even to resolve them by settlement), thereby shortening the trial and conserving the resources of the parties and the Court. The economies would probably be even more substantial after a Federal Circuit decision in *Jade Trading*."

for further proceedings. Given the current status of the case, it seems unlikely that a trial could be held before the summer of 2007.

***Arbitrage Trading v. United States*, Fed. Cl. No. 06-202T**

In *Arbitrage* the answer to the complaint has been filed, and the parties and the Court held a preliminary scheduling conference on October 3, 2006. Both parties proposed staying this case because of the likelihood that the decision in *Jade Trading* would effectively resolve *Arbitrage*, and because of the unlikelihood that the *Arbitrage* case could be developed, tried, and decided before the Federal Circuit issued a ruling on an appeal in *Jade Trading*. The Court did not grant the requested stay, but did provide that only a limited amount of informal discovery–discovery that would not require large expenditures of the parties' resources–could be conducted during the next 60 days.

***Sequoia Trading v. United States*, Fed. Cl. No. 06-421T**

In *Sequoia Trading* the answer to the complaints has been filed. The Joint Preliminary Status Report is due on November 24, 2006, at which time the parties would be required to make their joint or several recommendations about further proceedings. The United States has moved that further proceedings in *Sequoia Trading* be suspended, pending the outcome in *Jade Trading*, and plaintiff has filed a notice of no objection to that motion.

***Tiger's Eye Trading v. United States*, Fed. Cl. No. 05-864T**

In response to defendant's motion to dismiss the complaint for jurisdictional reasons (on the grounds that a collateral Tax Court proceeding has priority over this suit), the Court has suspended proceedings in *Tiger's Eye*, pending plaintiff's intervention in the Tax Court suit. On July 13, 2006, the plaintiff filed a Motion for Leave to File a Notice of Election to Participate

Out of Time in the Tax Court case and attached the proposed Notice to the Motion. That Motion was granted and the docket in the Tax Court case reflects that the Notice of Election to Participate was filed on August 4, 2006. A status conference is currently scheduled for October 18, 2006. Defendant is of the view that, if *Tiger's Eye* is not dismissed, then it would be appropriate to continue the suspension.

Respectfully submitted,

s/ David R. House
DAVID R. HOUSE
Attorney of Record
U.S. Department of Justice
Tax Division
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 353-3922

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section

s/ David Gustafson
Of Counsel

October 18, 2006